UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID W. SUBA,

      Petitioner,

v.                                                                Case No. 5:06-cv-13-Oc-10GRJ

WARDEN, FCC COLEMAN - LOW,

      Respondent.

### ORDER OF DISMISSAL

    This case is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, challenging his convictions in the Southern District of Georgia for conspiracy to defraud the United States, mail fraud, and money laundering.  See United States v. Suba, 132 F.3d 662 (11th Cir. 1998) (affirming convictions).

    In the Petition, the Petitioner attacks the validity of his convictions rather than the means of execution.  Petitioner contends that he is actually innocent of the offenses of conviction.

    A review of the docket from the Southern District of Georgia reflects that Petitioner unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing court.  See Suba v. United States, case number 1:02-cv-113-AAA-WLB (S.D. Ga.).

Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). In Wofford, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Id. (emphasis added).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." Id. (citing Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Although Petitioner asserts that he is innocent of the offenses of conviction, Petitioner makes no argument that he is entitled to relief under the savings clause pursuant to the Wofford requirements. Petitioner's assertion of innocence may not be considered absent the showing required under Wofford. See id.

Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 17th day of January 2006.

_____
UNITED STATES DISTRICT JUDGE

c: David W. Suba